UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
JUVENTINO GARCIA-SEVERINO,

                                  Plaintiff,

                        18-CV-11401 (CS)

            - against -

                          **ORDER**

TDL RESTORATION, INC.,
TDL MANAGEMENT CORP.,
DRITON QUNI, AND GJON QUNI,

                                Defendants.
------------------------------------------------------------------------

Appearances:

Peter H. Cooper
Cilenti & Cooper, PLLC
New York, New York
*Counsel for Plaintiff*

Hugh Jasne
Jasne & Florio, L.L.P.
White Plains, NY
*Counsel for Defendants*

Seibel, J.

      Before the Court is a motion for attorneys' fees and costs, (Doc. 33), incurred by Plaintiff Juventino Garcia-Severino in connection with prosecution of this case. Plaintiff requests a total of $46,263.75 ($44,830 in fees and $1,433.75 in costs). For the reasons set forth below, the Court awards fees in the amount of $39,496.50 and costs in the amount of $1,433.75.

### I. BACKGROUND

      This case was commenced on December 6, 2018, when Plaintiff filed the Complaint, (Doc. 1), which alleged that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On October 19, 2020 the court held a bench trial (which

1

consumed less than a day) and on October 23, 2020 returned a verdict for Plaintiff against Defendants TDL Restoration, Inc., Driton Quni and Gjon Quni jointly and severally, as follows:

- $15,942.86 in unpaid overtime compensation
- $15,942.86 in liquidated damages
- $10,000 in statutory penalties
- Prejudgment interest on the unpaid overtime compensation in an amount to be determined (calculated from 6/7/15 through judgment at 9%)

The claims against TDL Management Corp. were dismissed. The court also found that Plaintiff was entitled to an award of reasonable attorneys' fees and costs, but reserved decision on the amount pending briefing. Plaintiff's counsel accordingly filed the instant motion for attorneys' fees and costs. (Doc. 33.) Defendants oppose in part, arguing that reductions should be made for block billing, duplicative billing, ministerial or administrative tasks, and excessive billing. (Doc. 35.)[1]

## II.   LEGAL STANDARD

Once it is determined that a party is entitled to fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Supreme Court and Second Circuit have held that "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)); *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551-52 (2010). In assessing the reasonableness of attorneys' fees, the Court must: "(1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the reasonable hourly rate by

---

[1] Defendants argue that Plaintiff's fee application should be reduced by at least 40%.

the number of hours reasonably expended to determine the presumptively reasonable fee; and (4) make an appropriate adjustment to arrive at the final fee award." *Creighton v. Dominican Coll.*, No. 09-CV-3983, 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011).  "The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.  "[T]here is no precise rule or formula for determining a proper attorney's fees award; rather, the district court should exercise its equitable discretion in light of all relevant factors." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (alteration in original) (internal quotation marks omitted).

The court may use its discretion, based on its experience in general and with the particular case at issue, to "trim[ the] fat from a fee application." *Kirsch v. Fleet St., Ltd*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted).  A court should decrease the number of hours included in the fee calculation if the claimed time is "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  "If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours." *M. Lady, LLC v. AJI, Inc.*, No. 06-CV-194, 2009 WL 1150279, at *8 (S.D.N.Y. Apr. 29, 2009) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Hourly Rate

A reasonable hourly rate must be in line with the rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (internal quotation marks omitted); *see Rosado v. City of N.Y.*, No. 11-CV-4285, 2012 WL 955510, at *4 (S.D.N.Y. Mar. 15, 2012) ("The relevant community to which the court should look is the district in which the case was brought.") (internal quotation marks omitted). "The court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district and on evidence proffered by the parties." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 338 (S.D.N.Y. 2016) (internal quotation marks omitted).

Plaintiff's counsel charges clients $400 per hour for his time and $100 per hour for the time of his legal assistant, who also serves as a translator for Spanish-speaking clients. (Doc. 33 at 3-5.) Defendants do not dispute that those hourly rates are reasonable, (Doc. 35 ¶ 8; Doc. 35-1 at 2),[2] and I find that they are.

Plaintiff's counsel has been practicing law for twenty years and has litigated thousands of cases, including FLSA and NYLL cases. (Doc. 34 ("P's Decl.") Ex. A.) The documents submitted by Plaintiff's attorneys represent, and the case law confirms, that the rates Plaintiff's counsel charges are within the range charged for similar services by lawyers in this district with

---

[2] Defendants explain, "Plaintiff's counsel seems extensively versed in this area of the law, the $400 hourly rate does not seem intuitively unreasonable, however that experience creates a 'double edged sword' regarding this application. Given the level of experience of Plaintiff's counsel, much of the litigation should take less time th[a]n that expended by" Defendants' counsel, whose bill was approximately $23,000. (Doc. 35 ¶¶ 8-9, 11.)

4

reasonably comparable experience, skill, and reputation. *See Pugh v. Meric*, No. 18-CV-3556, 2019 WL 3936748, at *4 (Aug. 20, 2019) ("Courts in this district have recently deemed $400 per hour a reasonable rate for an experienced FLSA attorney"); *Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 173 (S.D.N.Y. 2018) (finding $400 rate to be reasonable), *aff'd*, 752 F. App'x 33 (2d Cir. 2018); *Gonzalez v. Ninth Avenue Food Corp.*, No. 14-CV-7603, 2017 WL 11568379, at *1 (S.D.N.Y. Sept. 19, 2017) (finding $400 per hour to be a reasonable rate). And Plaintiff's counsel was awarded $400 an hour for similar work he performed in 2012. (P's Decl. ¶ 3; *see Amaya v. Superior Tile and Granite Corp.*, No. 10-CV-4525, 2012 WL 130425 (S.D.N.Y. Jan. 17, 2012).

While $75 is the "rate commonly awarded in this District for paralegal time spent on wage-and-hour cases," *see Greathouse v. JHS Security Inc.*, No. 11-CV-7845, 2017 WL 4174811, at *4 (S.D.N.Y. Sept. 20, 2017), some courts have awarded between $100 and $125, *see Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *8 (S.D.N.Y. July 1, 2015), and others have found a higher rate appropriate for paralegals who also serve as translators, *see Palaguachi v. All City Remodeling, Inc*., No. 15-CV-9688, 2018 WL 11226108, at *2 (S.D.N.Y. Apr. 20, 2018) (approving $125 an hour for paralegal who provided translation services). I find $100 to be reasonable in this case where the legal assistant has over nine years of "paralegal/law office experience" and also acted as a translator at meetings with Plaintiff. (Doc. 33 at 5.)

### B. <u>Hours Expended</u>

"The party seeking attorneys' fees bears the burden of demonstrating that the claimed . . . number of hours [is] reasonable," and the "amount of time expended must be adequately supported by contemporaneous time records that specify relevant dates, time spent, and work

5

done." *Creighton*, 2011 WL 4914724, at *6 (alterations in original) (internal quotation marks omitted). "Adjustments must be made to the number of hours expended based on case-specific factors, including deductions for 'excessive, redundant, or otherwise unnecessary hours.'" *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). "In so doing, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (internal quotation marks omitted). "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Cesario v. BNI Constr., Inc.*, No. 07-CV-8545, 2008 WL 5210209, at *7 (S.D.N.Y. Dec. 15, 2008) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)), *report and recommendation adopted*, 2009 WL 424136 (S.D.N.Y. Feb. 19, 2009). Hours not "reasonably expended" are excluded from the fee calculation. *Hensley*, 461 U.S. at 434.

### 1. Block Billing

Plaintiff utilized "block billing" for multiple time entries, which Defendants argue calls for a reduction in any award because such a practice makes it difficult to determine whether the time spent on any one task was reasonable. (Doc. 35-1 at 8-10.) "Block-billing, the practice of aggregating multiple tasks into one billing entry, is not prohibited," but it "can make it exceedingly difficult for courts to assess the reasonableness of the hours billed." *LV v. N.Y.C. Dep't of Educ.*, 700 F. Supp. 2d 510, 525 (S.D.NY. 2010) (internal quotation marks omitted). Although block billing is generally disfavored, "it is most problematic where large amounts of time (e.g., five hours or more) are block billed, thereby meaningfully cloud[ing] a reviewer's ability to determine the projects on which significant legal hours were spent." *Congregation*

*Rabbinical Coll. of Tartikov, Inc.*, 188 F. Supp. 3d at 343 (alteration in original) (internal quotation marks omitted).  Here, Defendants point to nine entries with more than one task billed in a block of time, but only one is for more than five hours.  (*See* Doc. 35-1 at 10.)  Because Defendants only highlight these entries "by way of example," I reviewed the entire time record.

After reviewing the time record, I noted only three instances where time was block billed for five hours or more,[3] but each entry "contain[ed] sufficient detail and specificity so as to afford reasonable confidence that the time billed was productively spent, even if it is impossible to reconstruct the precise amounts of time allocable to each specific task listed in the block entry."  *Congregation Rabbinical Coll. of Tartikov*, 188 F. Supp. 3d at 343.

| Date | Transaction | Hours |
| --- | --- | --- |
| 4/10/19 | travel to Mt. Kisco; meeting with client; to prepare for mediation; accompany Client to court-ordered mediation (travel time billed at 50% actual time) | 5.5 |
| 10/14/20 | Prepare for trial; review testimony [i]n prior case; prepare direct of client | 5.0 |
| 10/19/20 | Final preparation with client; meet and accompany to trial; conduct trial SDNY; Examination and cross; closing statements | 7.4 |

A reduction is therefore not warranted because of Plaintiff's use of block billing.

### 2. Duplicative Billing

Defendants argue that Plaintiff's counsel "has numerous instances of double, duplicative or 'redundant' billing which is exemplified by the overstaffing of client meetings, and conferences, which should be excluded from the fee calculation to 'trim the fat' from this excessive application."  (Doc. 35-1 at 10.)  Defendants point to the fact that Tatiana Cevallos ("TC"), a legal assistant, assisted in client meetings, resulting in a total of "7 hours of duplicative

---

[3] I do not include the 5.0 hour entry listed under 9/15/19-9/30/19 because while the entry spans multiple days, Plaintiff's counsel itemized the time spent on each task.

7

billing." (Doc. 35-1 at 10.)  Having a legal assistant at meetings or on calls does not constitute "overstaffing" where that legal assistant served as a translator for a Spanish-speaking client and an English-speaking lawyer, (Doc. 33 at 5), so no reduction on that basis is appropriate.  But Defendants are correct that TC was billed at $400 per hour (the attorney rate) rather than $100 per hour (the legal assistant rate) on both August 14, 2020 and October 18, 2020.  A reduction in the amount of $630 is warranted to reflect TC's rate of $100 per hour.

- $100 x .1 = $10, not $40: difference of $30
- $100 x 2 = $200, not $800: difference of $600

Moreover, as Defendants point out, Plaintiff's counsel did not bill his time for a meeting he had with Plaintiff on October 1, 2019.  (Doc. 35 ¶ 25.)  It is possible that Plaintiff's counsel did not bill his time because he felt that only billing time for TC's time was sufficient and fair.  It is also possible that this was merely human error.  If the former scenario is correct, it should relieve some of Defendants' overstaffing concerns.  To the extent the latter scenario is correct, Plaintiff's error was a $1,000 mistake in Defendants' favor.  In any event, I am not persuaded, as Defendants suggest, (Doc. 35 ¶ 25), that the inputting errors they identify give reason to suspect that Plaintiff's counsel used a flawed computerized billing system.

### 3. Administrative Tasks

Defendants object to certain administrative tasks being charged at the attorney's hourly rate.  (Doc. 35-1 at 11.)  "Courts regularly reduce the rate billed by attorneys for work done on administrative or clerical tasks," and "[a]ttorneys engaged in clerical tasks should be compensated at the rate for clerical employees, or, if the task at issue is the type included in overhead, they should not be compensated at all." *Shabazz v. City of N.Y.*, No. 14-CV-6417, 2015 WL 7779267, at *4 (S.D.NY. Dec. 2, 2015) (internal quotation marks omitted).

Defendants flag entries for "filing the Complaint, calendaring hearings, and clearing his calendar."  (Doc. 35-1 at 11.)

| Date | Transaction | Hours |
|---|---|---|
| 12/6/18 | Revise, file complaint | 1.3 |
| 1/14/19 | Receive/review notice of hearing; Calendar same | .4 |
| 9/28/20 | r/r order for bench trial; clear calendar confer with dc re: settlement poss.; notify client; review judge's procedures for trial | 1.0 |

The Court will award Plaintiff fees for administrative or clerical work at an hourly rate of $100.  Because Plaintiff has utilized block billing, it is impossible to determine the exact amount of time spent on administrative tasks.  Accordingly, the Court has erred in Defendants' favor and has assumed that the administrative work consumed as much of the block as it realistically could have.  The Court will adjust the December 6, 2018 entry by charging .65 of the 1.3 hours at the $100 rate instead of the $400 rate because filing a complaint is a clerical task.  *See DeMarco v. Ben Krupinski Gen. Contractor, Inc.*, No. 12-CV-573, 2014 WL 3696020, at *9 (E.D.N.Y. July 22, 2014) ("Courts may also deduct time spent on clerical tasks, such as . . . filing documents.") (internal quotation marks omitted).  The Court does not consider the January 14, 2019 and the September 28, 2020 entries to be clerical work because lawyers are responsible for their own calendars.  With that said, it does not take twenty-four minutes to look at a notice of hearing and calendar it.  Therefore, I will adjust the January 14, 2019 entry by reducing the hours billed from .4 hours (twenty-four minutes) to .1 hours (six minutes).  Based on these adjustments, the bill is reduced by $315.

9

### 4. Excessive Billing

Defendants argue that Plaintiff's legal fees are excessive and that "even with penalties, fines and pre-judgment interest added in, . . . the attorney fee request amounts to 90% of the award." (Doc. 35-1 at 7.) Defendants recognize that "in many ways it takes for the most part the same amount of time to sue for $50,000 as for $5,000 or $500,000," (Doc. 35 ¶ 15), and that there is no rule against "the Plaintiff using any resources as deemed appropriate," but they argue that Defendants should not be made to bear the burden of those choices. (Doc. 35-1 at 7.)

Any argument that the fees are disproportionate to the liability award fails in light of *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603 (2d Cir. 2020), where the Second Circuit recently held that there is no "proportionality limit on [Plaintiff's counsel's] recoverable attorneys' fees" in an FLSA case. The Court explained:

> If plaintiffs' attorneys in these so-called "run of the mill" FLSA actions are limited to a proportional fee of their client's recovery . . . no rational attorney would take on these cases unless she were doing so essentially pro bono. Without fee-shifting provisions providing compensation for counsel, employees like [Plaintiff] would be left with little legal recourse.

*Id.* at 604.

But reductions are warranted when hours are excessive, *see Surdu v. Madison Global, LLC,* No. 15-CV-6567, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) (courts should exclude hours that were not reasonably expended, such as when hours are excessive, redundant, or otherwise unnecessary); *Kim v. 511 E. 5th Street, LLC*, No. 12-CV-8096, 2016 WL 6833928, at *6 (S.D.N.Y. 2016) ("[r]eduction is warranted given the excessive hours spent on these tasks"), and "a court may make across-the-board percentage cuts in the number of hours claimed, 'as a practical means of trimming fat from a fee application,'" *Heng Chan v. Sung Yue Tung Corp.*, No. 03-CV-6048, 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (quoting *In re Agent*

10

*Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987)). Defendants assert that Plaintiff's counsel devoted excessive time to matters and that a 40% reduction is warranted. (Doc. 35 at 10; Doc. 35-1 at 3, 16.)

Defendants note that Plaintiff's counsel has devoted more than forty hours of time preparing for a trial in an area of law with which he is extremely familiar. (Doc. 35-1 at 12.) Defendants also point out that more than seventeen hours went into mediation, so "the additional 40.2 hours of [t]rial preparation time is grossly excessive and unwarranted given the self-proclaimed proficiency of Attorney Cooper." (Doc. 35-1 at 12.) While the billing here is not nearly as extreme as in some cases cited by Defendants, (*see* Doc. 35-1 at 14),[4] I agree that a total of 108.49 hours for this case is excessive. Plaintiff's counsel's major tasks were preparing a complaint, participating in mediation, drafting portions of a basic joint pretrial order, drafting proposed findings of fact and conclusions of law (much of which were boilerplate), and preparing for and conducting a several-hour trial. No discovery was undertaken, the case was uncomplicated, counsel had only one client, counsel had a template from a previous successful suit brought against Defendants by co-workers of Plaintiff and, frankly, from what I observed, Plaintiff's case was not particularly well prepared.

That said, I do not agree with Defendants that this is a case where a 40% reduction is appropriate for "rampant over billing." (Doc. 35-1 at 15.) Seventeen hours to prepare for a mediation and forty to prepare for a few-hour trial are excessive, but not to the degree that would warrant such a large cut. Plaintiff's counsel billed at 50% actual time for travel and "exercised

---

[4] In *Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 407 (E.D.N.Y 2019), an attorney billed approximately twenty-three hours to draft a three-page pre-motion conference letter and approximately twenty-five hours to prepare for the pre-motion conference. In *Wong v. Hunda Glass Corp.*, No. 09-CV-4402, 2010 WL 3452417, at *4 (S.D.N.Y. Sept. 1, 2010), an attorney billed six and one-half hours preparing a letter.

billing judgment by not counting every task, such as numerous phone calls completed by himself and his assistant, and by absorbing costs for travel for mediation, court conferences and trial, and legal research, as firm overhead." (P's Decl. ¶ 6.) In light of the above, and in the absence of any suggestion that the claimed work was not done, I find an across-the-board cut of 10% to be fair and reasonable.

Accordingly, the Court awards fees in the amount of $39,496.50.[5]

### C. Costs

Plaintiff also seeks costs incurred by his attorney. Plaintiff can recover "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989); *see Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, 483 F. App'x 599, 605 (2d Cir. 2012) (summary order) (postage and photocopying costs were "the sort of expenses that may ordinarily be recovered as part of a fee award" (internal quotation marks omitted)); *Bhungalia Family, LLC v. Agarwal*, 317 F. Supp. 3d 727, 745 (S.D.N.Y. 2018) ("Costs for shipping, filing fees, process servers, and litigation support are recoverable."); *Themis Capital v. Democratic Republic of Congo*, No. 09-CV-1652, 2014 WL 4379100, at *12 (S.D.N.Y. Sept. 4, 2014) (reimbursing plaintiffs for making copies and ordering transcripts, along with costs associated with translators and interpreters); *Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d 279, 305 (S.D.N.Y. 2001) (ordering reimbursement to plaintiff for photocopying, secretarial overtime, filing fees and Federal Express costs).

---

[5] Plaintiff's counsel's bill provides that he is owed $44,830 for fees. (P's Decl. Ex. C at 5.) After subtracting $945 from that bill – $630 based on the corrections to TC's hourly rate and $315 for the adjustments made on page 9 – the bill for fees comes out to $43,885 ("the corrected bill"). To account for the 10% reduction, I subtracted $4,388.50 (10% of $43,885) from the corrected bill to arrive at the above-mentioned $39,496.50 fee award.

Plaintiff's costs – to which Defendants raise no objection – are reasonable and awarded in the amount of $1,433.75.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's application for attorneys' fees and costs is GRANTED in part. The requested fee award of $44,830 is reduced to $39,496.50. I also award $1,433.75 in costs. Accordingly, the total award of fees and costs is $40,930.25. The Clerk of Court is respectfully directed to: (1) terminate the pending motion, (Doc. 33); (2) enter judgment for TDL Management Corp.; (3) enter judgment for Plaintiff, jointly and severally, against Defendants TDL Restoration, Inc., Driton Quni, and Gjon Quni in the amount of $41,885.72 for liability, $7,913.34 for prejudgment interest (to be increased by $3.93 per day if judgment is not entered today) and $40,930.25 for fees and costs; and (4) close the case.

**SO ORDERED.**

Dated: December 9, 2020
      White Plains, New York

                              _____
                                  CATHY SEIBEL, U.S.D.J.